**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEHRDAD TAIMOURZADEH, Individual, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TERENCE LAU; et al., <br><br> Defendants - Appellees. | No. 10-56956 <br><br> D.C. No. 2:10-cv-02525-DMG-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Mehrdad Taimourzadeh appeals pro se from the district court's judgment

dismissing his Americans with Disabilities Act ("ADA") action alleging that

defendants discriminated against him on the basis of his disability.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of an action as barred by the doctrine of res judicata. *W. Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). We affirm.

The district court properly dismissed Taimourzadeh's action on the basis of res judicata (claim preclusion) because his ADA and related state law claims were based on the same primary right asserted in a prior state court action that was dismissed with prejudice and Taimourzadeh did not appeal that dismissal. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law. California's res judicata doctrine is based on a primary rights theory." (citation omitted)); *see also Citizens for Open Gov't v. City of Lodi*, 140 Cal. Rptr. 3d 459, 482 (Ct. App. 2012) (concluding that a ruling was final for res judicata purposes when the time to appeal the trial court judgment had expired).

**AFFIRMED.**

10-56956